UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANINA HOWELL-DOUGLAS                    CIVIL ACTION

VERSUS                                   NO: 13-5578

FIDELITY NATIONAL INDEMNITY              SECTION: R(3)
INSURANCE COMPANY

**ORDER AND REASONS**

Defendant Fidelity National Indemnity Insurance Company moves the Court for summary judgment.[1] Plaintiff failed to submit a timely signed and sworn Proof of Loss for the insurance proceeds she seeks in this action. Additionally, the National Flood Insurance Act does not authorize her extra-contractual claims. For these reasons, the Court GRANTS defendant's motion and dismisses this case.

**I.   BACKGROUND**

Plaintiff Janina Howell-Douglas is a LaPlace, Louisiana homeowner.[2] She purchased a Standard Flood Insurance Policy (SFIP) from defendant Fidelity National.[3] The insurance under a SFIP is provided through the National Flood Insurance Program (NFIP), which is administered by the Federal Emergency Management Agency under

---

[1]   R. Doc. 15-1.

[2]   R. Doc. 15-2 at 1; *see also* R. Doc. 1 at 3.

[3]   R. Doc. 15-2 at 1; *see also* R. Doc. 1 at 3.

the National Flood Insurance Act (NFIA). *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 385-86 (5th Cir. 2005). "The terms of SFIP policies are dictated by FEMA," *id.* at 386, and are currently found in the Code of Federal Regulations at 44 C.F.R. pt. 61, app. (A)(1). Although Fidelity National is nominally plaintiff's insurer, "[p]ayments on SFIP claims ultimately come from the federal treasury." *Wright*, 415 F.3d at 386. In administering the policy, Fidelity National acts as a "fiscal agent of the United States," and is known as a Write Your Own (WYO) insurer. *Id.*

In August 2012, plaintiff's property sustained flood damage as a result of Hurricane Isaac.[4] Plaintiff thereafter filed a claim with Fidelity National for flood damages to her property.[5] On September 27, 2012,[6] December 7, 2012,[7] and February 21, 2013,[8] plaintiff submitted a series of Proofs of Loss totaling $107,572.39, and Fidelity National paid each in full.[9] Plaintiff did not submit another signed and sworn Proof of Loss after that

---

[4] R. Doc. 1 at 3; *see also* R. Doc. 15-2 at 2.

[5] R. Doc. 15-4 at 3.

[6] R. Doc. 15-9.

[7] R. Doc. 15-11.

[8] R. Doc. 15-13.

[9] R. Doc. 15-8; R. Doc. 15-10; R. Doc. 15-12; R. Doc. 15-15.

payment was made.[10]

Plaintiff sued Fidelity National on August 27, 2013, asserting that Fidelity National: (1) failed to pay for all flood damages due under the policy; (2) failed to include all flood damages in the scope of loss/damage estimate; (3) failed to bring in qualified professionals to timely and properly assess all of the flood damages; (4) overly depreciated the value of the property and the its contents; (5) refused to explain or provide plaintiff with a copy of the depreciation schedule used to calculate depreciation; and (6) failed to pay for post-catastrophe price increases.[11] Plaintiff sought damages, penalties, costs, and attorney's fees for breach of the insurance contract. She also brought extra-contractual claims for breach of the duty of good faith and fair dealing under federal common law, negligence, and negligent misrepresentation under federal common law.[12]

Fidelity National now moves for summary judgment on plaintiff's breach of contract and extra-contractual claims.[13] Plaintiff has not filed a response.

---

[10]   R. Doc. 15-2 at 4; R. Doc. 15-7 at 5.

[11]   R. Doc. 1.

[12]   *Id.* at 4-6. Plaintiff did not assert her negligence claim in a separate count but did allege negligence on page 1 of the complaint.

[13]   R. Doc. 15.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); see also *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine

dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.; Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

**III. DISCUSSION**

The SFIP contains the following provisions:

**J. Requirements in Case of Loss**
In case of a flood loss to insured property, you must:

>           . . . .
>           4.   Within 60 days after the loss, send us a proof
>           of loss, which is your statement of the amount you
>           are claiming under the policy signed and sworn to
>           by you, and which furnishes us with [several
>           categories of information] . . . .
>           . . . .
>     **R.   Suit Against Us**
>     You may not sue us to recover money under this policy
>     unless you have complied with all the requirements of the
>     policy. If you do sue, you must start the suit within one
>     year after the date of the written denial of all or part
>     of the claim, and you must file the suit in the United
>     States District Court of the district in which the
>     covered property was located at the time of loss. This
>     requirement applies to any claim that you may have under
>     this policy and to any dispute that you may have arising
>     out of the handling of any claim under the policy.

44 C.F.R. pt. 61, app. A(1) arts. VII(J), VII(R). Courts interpret and enforce the SFIP provisions strictly. *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998); *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998). Therefore, "an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland*, 143 F.3d at 954; *see also Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 F. App'x 295, 298 (5th Cir. 2008) ("[A] NFIP participant cannot file a lawsuit seeking . . . federal benefits under the SFIP unless the participant can show prior compliance with *all* policy requirements, including the POL [Proof of Loss] requirement." (citing 44 C.F.R. Part 61 app. (A)(1), arts. VII.J, VII.R)). If an insured seeks further funds beyond what his insurer has already disbursed under a SFIP, a Proof of Loss is required for the supplemental claim,

just as it was for the original claim. *See Richardson*, 279 F. App'x at 298; *Clark v. FEMA*, Civil Action No. 13-5232, 2014 WL 527655, at *3 (E.D. La. Feb. 7, 2014); *Frank v. Am. Bankers Ins. Co. of Fla.*, Civil Action No. 07-4928, 2009 WL 3241707, at *2 (E.D. La. Oct. 5, 2009).

FEMA extended the proof of loss submission deadline for Hurricane Isaac-related claims to April 28, 2013. *Clark*, 2014 WL 527655, at *3.[14] According to the affidavit of Jeffrey Moore, the vice-president of claims for Wright National Flood Insurance Company (formerly Fidelity National), plaintiff never submitted a signed and sworn Proof of Loss for any amount above Fidelity National's initial payment.[15] Plaintiff has presented no evidence tending to show that she did in fact present a signed and sworn Proof of Loss as required by the regulations. This failure is "fatal to [her] claim for flood damages." *Id.* at *4 (citing *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1055-56 (5th Cir. 2008)); *accord Frank*, 2009 WL 3241707, at *2.

Additionally, plaintiff's extra-contractual claims must be dismissed. The regulations promulgated by FEMA under the National Flood Insurance Act of 1968 provide that "all disputes arising from the handling of any claim under [a SFIP] are governed exclusively

---

[14]    *See also* R. Doc. 15-16.

[15]    R. Doc. 15-7 at 5.

by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 . . . and Federal common law." 44 C.F.R. pt. 61, App. A(1), Art. IX. These regulations expressly preempt state law tort claims arising from claims handled by a WYO. *C.W. Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 344-45 (5th Cir. 2005); *see also Wright I*, 415 F.3d at 390. This includes claims for statutory penalties under Louisiana law. *See West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978); *Bryars v. Imperial Fire & Cas. Ins. Co.*, Civil Action No. 11-72, 2011 WL 54029320, at *5 n.9 (E.D. La. Nov. 8, 2011). Furthermore, the Fifth Circuit has held that the NFIA does not explicitly or implicitly authorize extra-contractual claims against WYO insurers based on federal common law. *See Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir. 2007) ["*Wright II*"]. In other words, insureds under SFIP policies have one remedy, and only one remedy for nonpayment of claims: a suit for breach of contract. *See* 42 U.S.C. § 4072 (authorizing such suits); *Wright II*, 500 F.3d at 398 (holding that policyholders cannot file extra-contractual claims against WYO insurers because such claims were not explicitly or implicitly authorized by Congress). Here, plaintiff's lawsuit is based solely on her claim under the standard policy issued by Fidelity National, which is a WYO insurer under the NFIP. *Gallup*, *Wright I*, and *Wright II* thus expressly prohibit any state law claims or extra-contractual claims based on federal common law in this context.

8

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Fidelity National's motion for summary judgment and dismisses plaintiff's claims with prejudice.

New Orleans, Louisiana, this __3rd__ day of June, 2014.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE